# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| PAMELA PORTEE ) | CASE NO.: 1:13-cv-1582 |
| 7952 Alamosa Lane ) | |
| Indianapolis, IN 46236 ) | JUDGE: |
| ) | |
| and ) | |
| ) | **COMPLAINT** |
| HASKELL DANIEL PORTEE ) | |
| 7952 Alamosa Lane ) | **TYPE:  Personal Injury – Medical** |
| Indianapolis, IN 46236 ) | **Malpractice** |
| ) | |
| Plaintiffs ) | **(Demand for Trial by Jury)** |
| ) | |
| -vs- ) | |
| ) | |
| THE CLEVELAND CLINIC ) | |
| FOUNDATION ) | |
| c/o CT Corporation System ) | |
| 1300 East 9th Street ) | |
| Cleveland, OH 44114 ) | |
| ) | |
| and ) | |
| ) | |
| PETER J. EVANS, M.D., PHD. ) | |
| 9500 Euclid Avenue ) | |
| Cleveland, OH 44195 ) | |
| ) | |
| and ) | |
| ) | |
| NATHAN EVERDING, M.D. ) | |
| 9500 Euclid Avenue ) | |
| Cleveland, OH 44195 ) | |
| ) | |
| and ) | |
| ) | |
| JOHN DOE RESIDENT ) | |
| Real Name Unknown, Employee of ) | |
| The Cleveland Clinic Foundation ) | |
| 9500 Euclid Avenue ) | |
| Cleveland, Ohio 44195 ) | |
| ) | |
| and ) | |

1

|  |  |
|---|---|
| JOHN DOE(S) <br> Real Names Unknown, Employees of <br> The Cleveland Clinic Foundation <br> 9500 Euclid Avenue <br> Cleveland, Ohio 44195 <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiffs Pamela Portee and Haskell Daniel Portee, by and through the undersigned counsel, state the following causes of action against Defendant The Cleveland Clinic Foundation, Defendant Peter J. Evans, MD, PhD, Defendant Everding, Defendant John Doe Resident and Defendants John Does, unknown employees of Defendant Cleveland Clinic Foundation:

**PARTIES, JURISDICTION AND VENUE**

1.  At all times relevant herein, Plaintiffs Pamela Portee and Haskell Daniel Portee ("Plaintiffs") resided at 7952 Alamosa Lane, Indianapolis, Indiana 46236.

2.  At all relevant times herein, Defendant Cleveland Clinic Foundation ("Defendant Cleveland Clinic") was a duly organized corporation licensed to transact business in the State of Ohio and having its principal place of business located in the County of Cuyahoga and State of Ohio. At all times relevant herein, Defendant Cleveland Clinic was holding itself out as a provider of medical services to the general public and was acting by and through its employees and/or agents including, but not limited to Defendant Peter J. Evans, MD, PhD, Defendant Everding, Defendant John Doe Resident and Defendants John Does.

3.  Upon information and belief, Defendant Peter J. Evans, MD, PhD, ("Defendant Evans") was a medical professional duly licensed to practice medicine and who rendered medical treatment and/or diagnosis to Plaintiff Pamela Portee and was acting within the scope of his

2

employment and/or agency with Defendant Cleveland Clinic.

4. Upon information and belief, Defendant Nathan Everding, M.D. ("Defendant Everding") was a medical professional and/or resident who rendered medical treatment and/or diagnosis to Plaintiff Pamela Portee and was acting within the scope of his employment and/or agency with Defendant Cleveland Clinic.

5. Upon information and belief, Defendant John Doe Resident was a medical professional and/or resident who rendered medical treatment and/or diagnosis to Plaintiff Pamela Portee and was acting within the scope of his employment and/or agency with Defendant Cleveland Clinic. Defendant John Doe Resident's name is not presently known to Plaintiffs despite due diligence.

6. Upon information and belief, Defendants John Does are employees and or agents of Defendant Cleveland Clinic and are individuals and/or medical professionals who rendered treatment and/or diagnosis to Plaintiff Pamela Portee and were acting within the scope of their employment and or agency with Defendant Cleveland Clinic. Defendants John Does' names are not presently know to Plaintiffs despite due diligence.

7. Pursuant to 28 U.S.C. Section 1332, there exists complete diversity of citizenship as Plaintiffs and Defendants are Citizens of or maintain a principal place of business in different States.

8. Venue is proper as Plaintiffs reside within this judicial district.

9. The amount in controversy exceeds the sum or value of $75,000.00.

10. Plaintiffs have submitted a Motion for Extension of Time to file the Affidavit of Merit required under Ohio.

## FACTUAL ALLEGATIONS

11. Plaintiffs reallege the allegations contained in paragraphs 1 through 9 of this

Complaint as if fully rewritten herein.

12. On October 3, 2012, Plaintiff Pamela Portee presented herself to Defendant Cleveland Clinic for a total elbow arthroplasty to be done by Defendant Evans. An elbow arthorplasty is a surgical repair of the elbow joint which generally involves remodeling, realigning or replacing the articular surface of a musculoskeletal joint; most commonly performed in order to relieve pain and/or restore range of motion.

13. In Plaintiff Pamela Portee's case, Defendant Evans chose to replace the joint utilizing a Biomet System. During the procedure the humerus was prepared for the Biomet stem by using a humeral burr device. During this part of the procedure, Plaintiff Pamela Portee's ulnar nerve was negligently severed with the humeral burr device by Defendant Evans, Defendant Everding and/or Defendant John Doe Resident who was being directly supervised and/or controlled by Defendant Evans during the surgical procedure.

14. Defendant Evans, Defendant Everding and/or Defendant John Doe Resident completed the elbow replacement surgery and also attempted to repair the severed ulnar nerve.

15. Plaintiff Pamela Portee continued to have right elbow pain and decreased range of motion and underwent a second surgical procedure by Defendant Evans at Defendant Cleveland Clinic on May 8, 2013. This procedure was an open elbow capsulectomy and radical excision as well as Botox injections to her right biceps and right brachialis.

16. Despite additional treatment and extensive physical therapy, Plaintiff Pamela Portee's condition grew worse over time and she continued to have pain in her right elbow as well as decreased range of motion in her elbow, shoulder, wrist and hand which in each case was described as "severely limited".

17. Plaintiff Pamela Portee has had a nerve conduction study done which has shown

an abnormality in the right ulnar nerve which is permanent in nature.  In addition, Plaintiff Pamela Portee's has been diagnosed with ulnar nerve entrapment and arthrofibrosis of her elbow, wrist and hand.

18.     As a direct and proximate result of the negligent severing of her ulnar nerve as described above, Plaintiff Pamela Portee has sustained continuing and permanent dysfunction of her right upper extremity including but not limited to decreased strength, severely limited range of motion, and decreased sensation.  In addition, Plaintiff Pamela Portee will need additional surgical operations due to her condition which include, but are not limited to operations on her hand, wrist and elbow.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Medical Malpractice – Negligence)

19.     Plaintiffs reallege the allegations contained in paragraphs 1 through 17 of this Complaint as if fully rewritten herein.

20.     Plaintiffs state that Defendant Cleveland Clinic, Defendant Evans, Defendant Everding, Defendant John Doe Resident and Defendants John Does, unknown employees of Defendant Cleveland Clinic (collectively "Defendants"), their agents and/or employees as described hereinabove, were engaged to attend and treat Plaintiff Pamela Portee in a properly skillful manner by the exercise of the degree of care and skill ordinarily employed by members of their profession in the same line of medical practice in this or similar communities.

21.     Plaintiffs further state that said Defendants were negligent and breached their standard of care and treatment of Plaintiff Pamela Portee by, among other things, negligently severing Plaintiff Pamela Portee's ulnar nerve causing serve physical injuries as described above.

22. Plaintiffs further state that said Defendants were negligent in their care and treatment of Plaintiff Pamela Portee in that said Defendants failed to exercise or possess the degree of care, skill and learning ordinarily exercised by other medical personnel having regard to the existing state of knowledge and medicine.

23. Plaintiffs further state that they will obtain the required Affidavit of Merit of a qualified physician who has confirmed that the applicable standard of care was breached by the Defendants in this case and that such breach caused injury to Plaintiff Pamela Portee.

23. As a direct and proximate result of said Defendants' negligence, Plaintiff Pamela Portee suffered severe and permanent injuries and incurred expenses and special damages for her medical treatment in an amount to be determined at trial. Plaintiff Pamela Portee will continue to incur medical expenses and other special damages in the future including medical expenses for future surgical operations and will continue to experience pain and suffering in the future in an amount to be determined at trial.

24. As a direct and proximate result of said Defendants' negligence, Plaintiff Pamela Portee has been permanently injured and suffered pain of the body and mind and will continue to suffer pain of the body and mind in the future all to her detriment in an amount to be determined at trial.

25. At all relevant times, Plaintiff Pamela Portee was employed and as a result of the negligence of said Defendants, has lost wages, income, economic opportunity and other economic renumeration in an amount to be determined at trial. Furthermore, Plaintiff Pamela Portee will incur lost wages and lost economic opportunity in the future in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Negligent Training and Supervision)

26. Plaintiffs reallege the allegations contained in paragraphs 1 through 25 of this Complaint as if fully rewritten herein.

27. Defendant Cleveland Clinic and Defendant Evans owed a duty or reasonable care in the training and supervision of its medical residents including Defendant Everding and Defendant John Doe Resident.

28. Defendant Cleveland Clinic and Defendant Evans negligently breached the aforementioned duty by, among other things, failing to properly train and supervise Defendant Everding and Defendant John Doe Resident who are believed to have been present and participating in the surgical procedure being performed on Plaintiff Pamela Portee on October 3, 2012 as described hereinabove.

29. As a direct and proximate result of Defendant Cleveland Clinic and Defendant Evans' breach of their duty, Plaintiff Pamela Portee's ulnar nerve was negligently severed resulting in severe physical injuries as described above.

30. As a direct and proximate result of Defendant Cleveland Clinic and Defendant Evans' breach of their duty, Plaintiff Pamela Portee has suffered injuries and damages as described above in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Loss of Consortium)

31. Plaintiffs reallege the allegations contained in paragraphs 1 through 29 of this Complaint as if fully rewritten herein.

32. At all times material to this action, Plaintiff Danny Portee was and is the legal spouse of Pamela Portee.

33.     As a direct and proximate result of Defendants medical malpractice and negligence as described above, Plaintiff Haskell Daniel Portee was deprived of the full services of society and consortium of Plaintiff Pamela Portee an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**(Vicarious Liability)**

34.     Plaintiffs reallege the allegations contained in paragraphs 1 through 33 of this Complaint as if fully rewritten herein.

35.     At all times relevant, Defendant Evans, Defendant Everding, Defendant John Doe Resident and Defendant John Does, unknown employees of Defendant Cleveland Clinic, were acting as employees and/or agents of Defendant Cleveland Clinic, and were acting within the course and scope of the employment and/or agency relationship.

36.     As such, Defendant Cleveland Clinic is vicariously liable for the negligent conduct of Defendant Evans, Defendant Everding, Defendant John Doe Resident and Defendants John Does and all damages to Plaintiffs caused thereby in an amount to be determined at trial.

**WHEREFORE,** Plaintiffs demand judgment against Defendant Cleveland Clinic, Defendant Evans, Defendant Everding, Defendant John Doe Resident and Defendants John Does, jointly and severally, as follows:

A.      With respect to Plaintiffs' First, Second, Third and Fourth Causes of Action, judgment against Defendant Cleveland Clinic, Defendant Evans, Defendant Everding, Defendant John Doe Resident and Defendants John Does, jointly and severally, for money damages for all losses, injuries and damages together with interest and costs in an amount to be determined at trial;

B.      The costs incurred in this action, including but not limited to reasonable attorneys

fees; and

    C.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

s/ Matthew Schiller
Matthew Schiller

Schiller Law Offices, LLC
8470 Allison Pointe Blvd., Ste. 222
Indianapolis, IN 46250
Ph: 317-578-2100
matt@schillerlawoffices.com

### REQUEST FOR TRIAL BY JURY

Plaintiffs respectfully request a trial by jury on all accounts of this Complaint.

s/ Matthew Schiller
Matthew Schiller

### CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2013, a copy of the foregoing *Complaint* was filed electronically. I further certify that on October 3, 2013 a copy of the foregoing *Complaint* was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

Cleveland Clinic Law Department
Matthew J. Donnelly, Esq., Deputy Chief Legal Officer
3050 Science Park Drive/ AC321
Beachwood, OH 44122
*Attorney for the Defendants*

s/ Matthew Schiller
Matthew Schiller