UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HASKELL DANIEL PORTEE, <br> PAMELA PORTEE, <br><br> Plaintiffs, <br><br> vs. <br><br> CLEVELAND CLINIC FOUNDATION Care of CT Corporation System, <br> PETER J EVANS M.D., PHD, <br> NATHAN EVERDING M.D., <br> JOHN DOE(S) Unknown Employees of The Cleveland Clinic Foundation, <br> JOHN DOE Unknown Resident of Cleveland Clinic Foundation, <br><br> Defendants. | 1:13-cv-01582-SEB-TAB |

**ORDER**

This cause is before the Court on a Motion to Dismiss for Lack of Jurisdiction [Dkt. Nos. 7, 8][1] filed on behalf of Defendants, the Cleveland Clinic Foundation Care of CT Corporation System (hereafter "the Cleveland Clinic") and Drs. Peter J. Evans, M.D., Ph.D. and Nathan Everding, M.D. Defendants argue that the court lacks personal jurisdiction over them. We agree and thus Defendants' Motion shall be GRANTED and Plaintiffs' claims DISMISSED.

**Factual Background**

---

[1] Defendants filed two copies of their Motion. Because both versions of the Motion assert the same grounds for dismissal, we shall assume that the second version of the Motion supercedes the first.

On October 3, 2012, Ms. Portee underwent a total elbow arthroplasty at the Cleveland Clinic performed by Dr. Evans.[2] Ms. Portee alleges that during the procedure her ulnar nerve was negligently severed by Drs. Evans and Everding and/or Defendant John Doe Resident who was being negligently supervised by Defendant Evans. She alleges that as a result of the severed nerve, she continues to suffer from "continuing and permanent dysfunction of her right upper extremity including but not limited to decreased strength, severely limited range of motion, and decreased sensation."

Plaintiffs Pamela Portee and Haskell Daniel Portee are residents of Indianapolis, Indiana. The Cleveland Clinic is a corporation with its principal place of business in the State of Ohio. Drs. Evans and Everding were employed by the Cleveland Clinic at the time of Ms. Portee's procedure. The Portees' Complaint contains claims for medical malpractice and loss of consortium against all Defendants, negligent training and supervision against Dr. Evans and the Cleveland Clinic, and vicarious liability against the Cleveland Clinic.

**Applicable Law**

In a diversity action filed under 28 U.S.C. § 1332, a federal district court has personal jurisdiction over a non-resident defendant "only if a court of the state in which it sits would have such jurisdiction." Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 779 (7th Cir. 2003). A district court may properly exercise personal jurisdiction over a non-resident defendant if a two-step analysis is undertaken and satisfied. First, the party resisting the exercise of jurisdiction must be amenable to service of process under the state's long-arm statute; second, the exercise of personal jurisdiction must comport with the due process clause of the

---

[2] According to the Complaint, an elbow arthroplasty is a surgical repair of the elbow joint which generally involves remodeling, realigning or replacing the articular surface of a musculoskeletal joint; most commonly performed in order to relieve pain and/or restore range of motion.

Constitution. Id. Indiana's long-arm statute, Indiana Rule of Trial Procedure 4.4(A), "expand[s] personal jurisdiction to the full extent permitted by the Due Process Clause." LinkAmerica Corp. v. Albert, 857 N.E.2d 961, 966 (Ind. 2006). Thus, the sole question before us is whether due process would be offended were we to exercise personal jurisdiction over the Defendants.

For a court to acquire personal jurisdiction over a defendant, due process requires "that the defendant have such 'minimum contacts' with the forum state as will make the assertion of jurisdiction over him consistent with 'traditional notions of fair play and substantial justice[.]'" Lakeside Bridge & Steel Co. v. Mountain State Constr. Co., 597 F.2d 596, 600 (7th Cir. 1979) (quoting International Shoe v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). In other words, defendants must have "fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (quoting Shaffer v. Heitner, 433 U.S. 186, 218, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977) (Stevens, J., concurring in judgment)).

Personal jurisdiction may be either specific or general. A court may exercise specific jurisdiction over a defendant if the cause of action arises out of or relates to a defendant's purposefully established contacts with the forum state. Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); Burger King Corp., 471 U.S. at 472. General jurisdiction, on the other hand, "is proper when a defendant has 'continuous and systematic business contacts' with a state, and it allows a defendant to be sued in that state regardless of the subject matter of the lawsuit." Premiere Credit of N. Am., LLC v. AAT Fabrication, Inc., 2005 U.S. Dist. LEXIS 8401, 2005 WL 1123636, at *2 (S.D. Ind. 2005), citing Helicopteros, 466 U.S. at 416; see also Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 713 (7th Cir.2002); RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1277 (7th Cir.1997). Such

continuous and systematic affiliations must "render the corporation essentially at home in that state." Snodgrass v. Berklee College of Music, 2014 U.S. App. LEXIS 4678 (7th Cir. Ill. Mar. 13, 2014).

As Plaintiffs point out, "a complaint need not include facts alleging personal jurisdiction." Purdue Research Foundation, 338 F.3d at 782 (quoting Steel Warehouse of Wisconsin, Inc. v. Leach, 154 F.3d 712, 715 (7th Cir. 1998)). "However, once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." 338 F.3d at 782. Where, as here, the court is asked to determine whether personal jurisdiction exists based on the parties' briefs, i.e. in the absence of an evidentiary hearing, Plaintiffs need only make a prima facie case of personal jurisdiction. Id.

## Discussion

Plaintiffs submit that Defendants' establishment of an ongoing relationship with Ms. Portee, an Indiana resident, is sufficient to establish specific personal jurisdiction over Defendants. We disagree. This case is easily distinguishable from the case cited by Plaintiffs, American Commercial Lines, LLC, v. Northeast Maritime Institute, Inc., 588 F. Supp. 2d 935 (S.D. Ind. 2008). In American, we held that exercising personal jurisdiction was proper based on the facts that defendant had contracted with a company in Indiana for services that were ongoing, and that the negotiations leading to the contract and the alleged misconduct had occurred largely in Indiana. Id. at 944. In contrast, there is no evidence that either of the Defendant physicians has ever been licensed to practice in Indiana or provide any medical care or treatment in Indiana. Likewise, the Cleveland Clinic is an Ohio based hospital, offering treatment and conducting

business in that state. Plaintiffs have submitted an affidavit signed by Ms. Portee attesting that after her procedure at the Cleveland Clinic, she received physical therapy in Indianapolis, Indiana at Dr. Evans's instruction.[3] Such instruction does not satisfy the requisite minimum contacts to warrant a finding of personal jurisdiction over Dr. Evans, Dr. Everding, or the Cleveland Clinic.

Plaintiffs also argue that Indiana has general jurisdiction over the Defendants in this case. As noted above, where a court has general jurisdiction over a defendant, that defendant may be sued in that state regardless of the subject matter of the lawsuit. Therefore, the constitutional requirement for general jurisdiction is "considerably more stringent" than that required for specific jurisdiction," Erno Kalman Abelesz v. OTP Bank, 692 F.3d 638, 654 (7th Cir. 2012) and is only "proper when a defendant has 'continuous and systematic business contacts' with a state." AAT Fabrication, Inc., 2005 U.S. Dist. LEXIS 8401, 2005 WL 1123636, at *2 (S.D. Ind. 2005). Plaintiffs contend that Cleveland Clinic's solicitation of and accomodations for out-of-state patients and its partnerships with St. Vincent Indianapolis Hospital and University of Notre Dame constitute such "continuous and systematic" contacts with Indiana.[4] These affiliations fall far short, however, of establishing that the Cleveland Clinic is "essentially at home" in Indiana. Thus, we find no general jurisdiction over any of the Defendants.

---

[3] Plaintiffs' brief asserts that the relationship between Ms. Portee and Defendants "was cultivated in Indiana through numerous telephone calls and messaging between Plaintiffs and Defendants." They also assert that Defendants charged and received approximately $33,766.93 for the treatment rendered to Ms. Portee. Interestingly, these factual assertions are not supported by any evidence submitted to the Court. However, even if these facts were true, they do not alter our conclusion that Defendants have insufficient contacts with Indiana to make our exercise of jurisdiction proper.

[4] Plaintiffs have submitted two press releases announcing the partnerships as evidence of these relationships. The partnership with St. Vincent enables that hospital to provide kidney transplant services in Indiana with the assistance of two physicians employed by the Cleveland Clinic. The partnership with the University of Notre Dame relates to the development of medical innovations. Neither of the partnerships pertain to Ms. Portee's ailments or the procedure performed on her at the Cleveland Clinic.

## Conclusion

For the reasons explicated herein, Plaintiffs have failed to establish this court's jurisdiction over Defendants. Therefore, Defendants' Motion to Dismsiss is GRANTED, and Plaintiffs' claims shall be dismissed. Final judgment shall enter accordingly.

IT IS SO ORDERED.    7/28/2014

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ronald A. Mingus
REMINGER CO. LPA
rmingus@reminger.com

Logan C. Hughes
REMINGER CO., L.P.A.
lhughes@reminger.com

Matthew Schiller
SCHILLER LAW OFFICES, LLC
matt@schillerlawoffices.com