**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| PAMELA PORTEE, et al., | ) | CASE NO.:  1:13-CV-1582 SEB-TAB |
| | ) | |
| Plaintiffs, | ) | JUDGE:   SARAH EVANS BARKER |
| | ) | |
| vs. | ) | MAGISTRATE:  TIM A. BAKER |
| | ) | |
| THE CLEVELAND CLINIC | ) | |
| FOUNDATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION TO VACATE DISMISSAL AND REOPEN CASE FOR
PURPOSES OF TRANSFER**

Plaintiffs, Pamela and Haskell Daniel Portee, respectfully request this court vacate the order previously entered which dismissed this cause, and reopen Plaintiffs' claim for purposes of transferring the action from this court to the United States Northern District of Ohio, Eastern Division, and in support thereof state the following:

**I.      Transfer is appropriate under 28 U.S.C.A. §1406(a).**

On October 3, 2012, Pamela Portee underwent a total elbow arthroplasty at Cleveland Clinic, performed by Peter J. Evans, M.D., during which her ulnar nerve was severed.  Plaintiffs filed their complaint for medical malpractice on October 2, 2013; shortly thereafter, Defendants Answered and filed a Motion to Dismiss for Lack of Personal Jurisdiction and Forum Non Conveniens, on October 28, 2013.  Plaintiffs responded to Defendants' motion on November 8, 2013; a subsequent Defendants' reply and Plaintiffs' surreply were additionally filed on November 15, 2013, and November 22, 2013, respectively.  The parties have thereafter been

engaged in mutual discovery; with Plaintiffs most recently propounding Interrogatories and Requests for Production of Documents to Defendants on June 5, 2014, as well as obtaining additional medical expert opinions. The Court ultimately made a decision on Defendants' Motion to Dismiss and parties were given notice thereof on July 28, 2014.

In response to the Court's decision to dismiss this cause for lack of jurisdiction, Plaintiffs request in the alternative a transfer to a jurisdiction deemed proper. Plaintiffs make their request pursuant to 28 U.S.C.A. §1406(a); the Court having determined that this cause lacks personal jurisdiction and proper venue in the United States Southern District of Indiana, Indianapolis Division. Transfer under §1406(a) requires that this action may have been originally been brought in the United States Northern District of Ohio, Eastern Division, and that such transfer is in the interest of justice. (Collazo v. Enterprise Holdings, Inc., 823 F.Supp.2d 865, 874 (N.D. Ind. 2011), citing 28. U.S.C.A. §1406(a).

The Supreme Court has held that the language and intent of §1406(a) is "amply broad enough to authorize the transfer of cases, however wrong the plaintiff" was in its choice of venue. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962). Moreover, the Court stated the deciding court's lack of jurisdiction over a defendant matters not for purposes of deciding transfer under §1406(a). Id. In Goldlwar, J. Black, for the majority, stated the impetus of §1406(a) was such as to avoid the injustice of dismissal of a plaintiff's case "merely because they had made an erroneous guess" as to a defendant business's contacts in a forum state. The Court went on to reason that where a statute of limitation would otherwise apply, plaintiff's filing of its complaint satisfies the interest of justice for which statutes of limitation protect. Goldlawr at 467. Upon reversing the lower court's dismissal, the Supreme Court stated, where a plaintiff has made a mistake as to venue, transfer rather than dismissal is in the interest of justice;

2

and to have otherwise would oppose the congressional objective in providing for the remedy of a §1406(a) transfer.  Id.  Moreover, in Ohio victims of medical malpractice have a one year limitation to bring their claim.   Ohio Code §2305.113(A).  Therefore, were this claim to be dismissed, Plaintiffs would be entirely barred from filing in Ohio and without remedy.

**A.   Plaintiffs' complaint is jurisdictionally proper in the Northern District of Ohio, Eastern Division.**

Plaintiffs assert that jurisdiction over all parties is proper in the Northern District of Ohio, Eastern Division.  There exists complete diversity between the named parties to satisfy subject matter jurisdiction.  Plaintiffs are domiciled in the state of Indiana, while Defendant Evans is domiciled in the state of Massachusetts, Defendant Everding in the state of Florida, and at the time Plaintiff's injury occurred, each defendant was in the employ of Cleveland Clinic Foundation, a business headquartered and incorporated in the state of Ohio.   Moreover, Ohio's long-arm statute provides service of process is proper on defendants living outside the state so long as one of ten possible factors are met, two of which are that the defendant transacted business in the state or "caus[ed] tortious injury by an act or omission in the state".  Ohio Civ. R. 4.3 and Ohio Rev. Code Ann. § 2307.382 (West).

Cleveland Clinic Foundation, operates in the city of Cleveland, County of Cuyahoga and State of Ohio, and at the time of Plaintiffs' injury, Defendants Everding and Evans were employed and practicing medicine in the city of Cleveland, County of Cuyahoga, (Affidavit of Nathan Everding ¶ 1 and 9 and Affidavit of Peter Evans ¶ 2 and 10), thus establishing minimum contacts sufficient to satisfy personal jurisdiction in the requested transferee court for each Defendant.  Venue is proper in the Northern District of Ohio, Eastern Division, as such district is

the location of the alleged medical malpractice and a location in which personal jurisdiction is proper over all Defendants.

**B.     Transfer of Plaintiff's claim is in the interest of justice.**

Plaintiffs request that the Court, having found insufficient minimum contacts and continuous and systematic contacts between the Defendants and Indiana to satisfy specific personal jurisdictional and general personal jurisdiction, respectively, that their claim be transferred to a proper district in the interest of justice.  Reopening Plaintiffs' cause of action, for the purpose of transfer to the Northern District of Ohio, Eastern Division is in the interest of justice as Plaintiffs filed their original claim timely, in belief a proper jurisdiction, and with notice to the Defendants.  Most importantly, transfer serves to preserve Plaintiffs' claim, considering the one year statute of limitations on the medical malpractice claim has run and Plaintiffs' claim will otherwise be unable to survive in the proper district.

When weighing the interests of justice, courts have given wide latitude to a presumption of plaintiff's belief in the legitimacy of their argument for personal jurisdiction.  The Seventh Circuit determined that a plaintiff's mistake as to whether defendant's interactive website solicitations would solely establish personal jurisdiction as **not** rising to "blatant disregard" so as to base a finding for denial of transfer in the interest of justice.  Collazo, 823 F.Supp.2d 865 at 875; distinguishing from Brown v. Grimm, 624 F.2d 58, 59 (7th Cir. 1980) (holding plaintiff's counsel "conced[ing] that he had **no** jurisdiction in mind" rose to a blatant disregard for the principles of jurisdiction).

Additionally, a court in the District of Columbia, found plaintiff's argument for personal jurisdiction based upon defendant's "interstate mails and wires" with plaintiff as "non-frivolous"

4

and an earnest mistake which fell under the §1406(a) purposes discussed in Goldlwar, thusly granting transfer. Cellutech, Inc. v. Centennial Cellular Corp., 871 F. Supp. 46, 50 (D.D.C. 1994). Interestingly, that court noted the interest of justice was served in merely "sav[ing] the parties the time and expense of refiling . . . in a different district." Id. A Pennsylvania court, upon transferring a plaintiff's claim of medical malpractice against the Cleveland Clinic Foundation to the Northern District of Ohio, noted no impropriety in the plaintiff's initial belief that Cleveland Clinic Foundation's nationally publicized newspaper article offering medical advice and solicitation of Pennsylvania readers satisfied general jurisdiction. Lorenz v. Cleveland Clinic Found., 657 F. Supp. 613, 613-14 (W.D. Pa. 1986).

A Northern District of Indiana court has determined an interest of justice deliberation under §1406(a) will consider "whether forum is convenient to the parties and witnesses as well as what impact transfer has on the efficient administration of the court system. Collazo v. Enterprise Holdings, Inc., 823 F.Supp.2d 865, 874 (N.D. Ind. 2011), citing, Wild v. Subscription Plus, Inc., 292 F.3d 526, 530 (7th Cir. 2002). In the instant case, Defendants are not inconvenienced by an Ohio forum, as Cleveland Clinic Foundation is located in Ohio, and moreover Defendants stated that "all of [their] health care providers . . . live, work, and practice medicine in Ohio; all documents . . . are in Ohio, and any [of their] non-defendant fact witnesses are likely to be in Ohio." See Defendant's Brief in Support of Motion to Dismiss, page 7. Whereas, Plaintiffs are highly prejudiced as a run Statute of Limitations will bar them from refiling in the state of Ohio.

The legislature's intent for §1406(a) was to "avoid the harsh result of dismissal . . . where such dismissal would terminate plaintiff's rights because the statute of limitations has run." Callan v. Lillybelle, Ltd., 39 F.R.D 600, 602 (S.D.N.Y 1966). See Phillips v. Seiter, 173 F.3d

609, 610 (7th Cir. 1999) (finding "a compelling reason" for granting plaintiff's transfer in the interest of justice, was that plaintiff's suit would otherwise be time-barred); See also the following which recognized time-barredness as a compelling reason, <u>Wild v. Subscription Plus, Inc.</u>, 292 F.3d 526, 530 (7th Cir. 2002); and <u>Collazo</u>, 823 F.Supp.2d 865 at 874.

In Ohio, victims of medical malpractice have a one year limitation to bring their claim. Ohio Code §2305.113(A).  The statute begins to run upon a "cognizable event," which would lead the patient to connect the injury to the physician's treatment and medical care or upon the **termination of the physician-patient relationship**, <u>whichever occurs later</u>.  <u>Frysinger v. Leech</u>, 512 N.E.2d 337,338 (Ohio 1987).  A patient has one year from the termination of her physician-patient relationship, because even upon recognizing one's injury, the relationship may be maintained in order to facilitate correction of said injury when possible. The Ohio Supreme Court has designated this termination rule and in numerous opinions stated it's rational in recognition of favorable public policy, restated in part in the following:

> ". . . to require a patient to file suit for malpractice during the course of treatment for a particular injury or disease when he believes or reasonably should believe that he has a medical malpractice claim would destroy this mutual confident in the physician-patient relationship.  Such requirement would place the patient in the unacceptable situation of deciding whether to continue the ongoing treatment and thus risk the chance forfeiting his right to bring suit at a later date, or terminate the relationship, and perhaps, deny the physician the opportunity of correcting this error."

<u>Id</u> at 342.

Plaintiff's last date of treatment with Dr. Evans was May 8, 2013, after which she presented herself for a second opinion by Dr. Gregory Merrell on the date of May 14, 2014. Therefore it can be determined, her ability to file her medical malpractice claim independently in the state Ohio has been time barred since May 9, 2014, at a minimum, or May 15, 2014, at a maximum.  Plaintiff filed her claim in the state of Indiana on October 2, 2013, a full seven months prior to her claim being in jeopardy in the state of Ohio.  Defendants thereafter filed their Motion to Dismiss on October 28, 2013.  Henceforth, the Court's decision to dismiss on July 28, 2014, approximately two months past Plaintiffs' limitation to refile their claim in the state of Ohio, would forever close Plaintiffs' claim.

**Conclusion**

For the foregoing reasons Plaintiffs, Pamela and Haskell Daniel Portee, respectfully request this court to vacate its previous order dismissing this claim; and transfer it to the United States Northern District of Ohio, Eastern Division, and for any other relief which the court may deem to be just and equitable.

Respectfully Submitted,


s/ Matthew Schiller
Matthew Schiller
Attorney No. 23737-29
8470 Allison Pointe Blvd., Ste. 222
Indianapolis, IN 46250

## CERTIFICATION OF SERVICE

I hereby certify that on August 18, 2014, a copy of the foregoing, Motion to Withdraw Filings, was filed electronically. Service of this filing will be made on all ECF-registered counsel, listed below, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Ronald A. Mingus
Reminger Co., L.P.A.
3925 River Crossing Parkway, Ste. 280
Indianapolis, IN 46240
Ph: (317) 663-8570
Fx: (317) 663-8580
rmingus@reminger.com

Sincerely,

s/ Matthew Schiller
Matthew Schiller
Attorney for Plaintiffs
8470 Allison Pointe Blvd., Ste. 222
Indianapolis, IN 46250
Ph: (317) 578-2100
Fx: (317) 578-1146
matt@schillerlawoffices.