UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HASKELL DANIEL PORTEE,<br>PAMELA PORTEE,<br><br>     Plaintiffs,<br><br>vs.<br><br>CLEVELAND CLINIC FOUNDATION<br>Care of CT Corporation System,<br>PETER J EVANS M.D., PHD,<br>NATHAN EVERDING M.D.,<br>JOHN DOE(S) Unknown Employees of<br>The Cleveland Clinic Foundation,<br>JOHN DOE Unknown Resident of<br>Cleveland Clinic Foundation,<br><br>     Defendants. | 1:13-cv-01582-SEB-TAB |

**ORDER DENYING PLAINTIFFS' MOTION TO VACATE DISMISSAL AND REOPEN CASE FOR PURPOSES OF TRANSFER [DKT. NO. 35]**

This matter comes before us on Plaintiffs' Motion to Vacate Dismissal and Reopen Case for Purposes of Transfer [Dkt. No. 35] filed on August 18, 2014. Defendants filed an objection in response on September 2, 2014 [Dkt. No. 36]. Plaintiffs filed a reply on September 22, 2014 [Dkt. No. 38]. For the following reasons, we DENY the Motion.

**Facts and Procedure History**

The parties agree to the basic facts and procedural history of this case. On October 3, 2012, Plaintiff Pamela Portee underwent a total elbow arthroplasty replacement performed by Drs. Evans and Everding at the Cleveland Clinic Foundation. Plaintiffs allege that Ms. Portee's ulnar nerve was severed during the surgery. Plaintiffs filed their

Complaint for medical malpractice on October 2, 2013, which Defendants moved to dismiss on October 28, 2013 for lack of personal jurisdiction or in the alternative to transfer on forum non conveniens grounds. In Plaintiffs' November 8, 2013 response, they requested that we deny this motion. Plaintiffs argued that the doctrine of forum non conveniens did not apply and the "case is properly venued in Indiana." [Dkt. No. 11; *see also* Dkt. No. 16 at 6 (Plaintiffs' Surreply reiterating that "the case is properly venued in Indiana").][1] In their reply, Defendants renewed their request that we dismiss the action, or in the alternative transfer the case to a federal district court in Ohio. [Dkt. No. 13.]

On July 28, 2014, we granted Defendants' Motion to Dismiss, finding that Plaintiffs failed to establish the Court's jurisdiction over Defendants, and we entered final judgment. It appears, based on Plaintiffs' allegations, that venue, personal jurisdiction, and subject matter jurisdiction (diversity of citizenship) exist in the Northern District of Ohio, Eastern Division. [Dkt. No. 35 at 3.] Each Defendant was employed at the Cleveland Clinic Foundation (headquartered and incorporated in Ohio). [*Id.*] The Northern District of Ohio is the district in which the alleged medical malpractice occurred. [*Id.* at 3-4.] Consequently, Plaintiffs seek a transfer to the Northern District Ohio in lieu of dismissal. The parties also agree that a one-year statute of limitations applies to Plaintiffs' medical malpractice claims and that the statute of limitations period has expired.

---

[1] Plaintiffs argue now that they need not formally request transfer as an alternative to dismissal, but that we may *sua sponte* transfer and that transfers can even occur post-appeal. [Dkt. No. 38 at 7-8.] The issue raised by Defendants is that Plaintiffs *opposed* a forum non conveniens transfer in response to Defendants' Motion to Dismiss. In that sense, Plaintiffs placed all of their jurisdictional and venue eggs in one basket and were ultimately unsuccessful.

2

**28 U.S.C. §§ 1404 and 1406**

The parties cite both 28 U.S.C. § 1404(a) and § 1406(a) in connection with Plaintiffs' transfer motion. Their confusion of these statutes is likely the result of the "nearly hopeless muddle of conflicting reasoning and precedent" relating to them. *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1106 (5th Cir. 1981); *In re Vitamins Antitrust Litig.*, 270 F. Supp. 2d 15, 36 (D.D.C. 2003) ("Courts apparently disagree with respect to whether one of the two sections of the U.S. Code is most appropriate in circumstances like those presented in the instant motions, or whether transfer is actually authorized by the reading of the provisions together."). Although § 1404(a) and § 1406(a) are similar, they are not identical. Theoretically, § 1404 is applicable where venue was proper in the original district, but for the convenience of parties and witnesses and in the interest of justice, a more convenient district exists to which the case should be transferred. 28 U.S.C. § 1404(a). Section 1406(a) is applicable to cure a defect where a case is filed in the wrong district. That section provides:

> **(a)** The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). However, many courts have used both § 1404 and § 1406 as a basis to transfer cases where venue was improper and/or personal jurisdiction was lacking. 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3827 (4th ed. 2014) (citing *Flynn v. Greg Anthony Constr. Co.*, 95 Fed. Appx.

3

726, 738 (6th Cir. 2003) (noting that both § 1404(a) and § 1406(a) allow for transfers "only when it is in the interest of justice")).

Although Defendants originally moved to dismiss Plaintiffs' Complaint for lack of personal jurisdiction or in the alternative to transfer this case pursuant to § 1404(a), we determined that the court lacked personal jurisdiction, making venue also improper.[2] As demonstrated by Defendants' Motion to Dismiss, the Defendants do not reside in Indiana, the events at issue did not occur in Indiana, and the Defendants are not subject to personal jurisdiction here. Consequently, this Court lacks personal jurisdiction over the Defendants and the Southern District of Indiana is an improper venue for Plaintiffs' claims. As a result, we will consider Plaintiffs' request to transfer venue pursuant to § 1406(a) as a proposed means to cure defective venue. Regardless, the standard for transfer under § 1404(a) and § 1406(a) is the same – "in the interest of justice."

**Determining Whether Transfer Is "In The Interest of Justice."**

The decision whether to dismiss or transfer is within the district court's sound discretion. *Coté v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986). Two oft-cited cases bookend

---

[2] Venue is governed by 28 U.S.C. § 1391(b) and includes as proper venues:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

4

the spectrum of circumstances that result in either transfer or dismissal: *Coté*, 796 F.2d at 984-85 (denying transfer when plaintiff makes an "elementary" mistake as to venue) and *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (avoiding unjust result for the plaintiff with "time-consuming and justice-defeating technicalities"). Plaintiffs focus on *Goldlawr* and decisions in which plaintiffs' claims are transferred to avoid the statute of limitations barring those claims. Defendants focus on *Coté* and similar decisions, arguing that Plaintiffs' personal jurisdiction miscalculation was an elementary error for which the appropriate result is dismissal, not transfer.

In *Goldlawr*, the Supreme Court considered whether a court lacking personal jurisdiction over a defendant may transfer the case to another district. 369 U.S. at 464-65. The Court held that "[n]othing in [the] language [of 28 U.S.C. 1406(a)] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants." *Id.* at 465. Considering the legislative purpose of § 1406(a), the Court found:

> The problem which gave rise to the enactment of the section was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn. Indeed, this case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in thinking that the respondent corporations could be 'found' or that they 'transact * * * business' in the Eastern District of Pennsylvania. The language and history of § 1406(a), both as originally enacted and as amended in 1949, show a congressional purpose to provide as effective a remedy as possible to avoid precisely this sort of injustice.

5

*Id.* at 466. The Court concluded that the filing of a complaint illustrates a desire on the part of the plaintiff to toll the statute of limitations and that plaintiff should not be penalized by "time-consuming and justice-defeating technicalities." *Id.* at 467 (citation omitted).

Pursuant to *Goldlawr*, Plaintiffs argue that the case should be transferred (instead of dismissed, as we originally ruled) to preserve Plaintiffs' claim, which will otherwise be extinguished by Ohio's one-year statute of limitations for medical malpractice claims. [Dkt. No. 35 at 4.][3] The Northern District of Indiana reached this conclusion in *Collazo v. Enterprise Holdings, Inc.*, 823 F. Supp. 2d 865 (N.D. Ind. 2011). In that case, while considering "the interest[s] of justice" in a § 1406(a) analysis, the court found the most compelling reason to transfer was that plaintiff's tort claim would likely be barred by the statute of limitations if she were forced to re-file after a dismissal. *Id.* The court found that plaintiff did not gamble her case on an "extremely dubious theory of personal jurisdiction," but rather she "made a mistake in calculating that the interactivity of Defendants' websites would establish personal jurisdiction." *Id.* at 875 (citation omitted). Because numerous courts have held that an interactive website may subject a defendant to personal jurisdiction, plaintiff's mistake was not elementary. *Id.*

---

[3] Plaintiffs additionally cite to *Phillips v. Seiter*, 173 F.3d 609 (7th Cir. 1999). The *Phillips* decision is based on transfer of habeas corpus matters pursuant to 28 U.S.C. § 1631 where the statute of limitations may have expired after the case was filed in an improper venue. In the specific facts at issue in *Phillips*, the statute of limitations expired *before* the case was filed in the wrong venue. As a result, the court denied transfer under the "sure loser" exception to § 1631. *Id.* at 611. The facts in *Phillips* are easily distinguishable from the case before us and thus its holding is unpersuasive.

Plaintiffs cite *Cellutech, Inc. v. Centennial Cellular Corp.*, 871 F. Supp. 46 (D.D.C. 1994). In *Cellutech*, the transaction at issue was "negotiated through interstate mails and wires;" however, insufficient contacts existed to justify personal jurisdiction. *Id.* at 50. The court found that the interests of justice would be served by transferring the case. *Id.* The court concluded that plaintiff made a "non-frivolous argument" although it was "ultimately mistaken about whether this forum could exercise in personam jurisdiction." *Id.* The district court granted plaintiff's oral motion to transfer the case in the interests of justice and to save the parties' time and expense incurred by refiling. *Id.*

Plaintiffs also point to *Lorenz v. Cleveland Clinic Foundation*, 657 F. Supp. 613 (W.D. Pa. 1986), where a Pennsylvania district court transferred a case because it lacked personal jurisdiction over the Cleveland Clinic Foundation. In *Lorenz*, the plaintiff argued personal jurisdiction based on a Pennsylvania newspaper article in which the Cleveland Clinic offered medical advice and solicited questions from Pennsylvania readers. *Id.* at 613. The court in *Lorenz* found the Cleveland Clinic was not subject to personal jurisdiction in Pennsylvania. *Id.* In a brief order based on the plaintiff's request, the court transferred the matter. *Id.*

Not surprisingly, other courts have applied "the interest of justice" standard and reached a different result. The case often cited (and cited by Defendant here) is *Coté v. Wadel*. In *Coté*, plaintiff (a Wisconsin citizen) sued an out-of-state law firm (with Michigan citizenship) for malpractice that was allegedly occurred in Michigan. 796 F.2d at 982-83. The Court held that "you cannot get jurisdiction over a nonresident just by showing that you are a resident and would prefer to sue in your own state's courts" and

dismissed the case rather than transfer it. *Id.* at 984. The Seventh Circuit affirmed the district court's decision to dismiss the case for the following reasons:

> In effect the district court penalized Coté heavily for filing her suit in the wrong district: she is forever barred from bringing a suit that for all we know has great merit. If her mistake were one easy to commit, the penalty might be so disproportionate to the wrong that it would have to be reversed, as a clear abuse of discretion. But the mistake was elementary. Elementary prudence would have indicated to her lawyer that he must file a protective suit in Michigan because there was only a slight probability of obtaining personal jurisdiction in Wisconsin over the defendants. *Compare Orthmann v. Apple River Campground, Inc.,* 757 F.2d 909, 911, 914 (7th Cir. 1985). **The proper penalty for obvious mistakes that impose costs on opposing parties and on the judicial system is a heavy one.** *Brown v. Grimm*, 624 F.2d 58, 59 (7th Cir. 1980) (per curiam), upheld a refusal to transfer a case in circumstances like those of the present case. **We adhere to *Brown* and remind plaintiffs and their counsel that they must determine where the plaintiff can get personal jurisdiction over the defendant before, not after, the statute of limitations runs; otherwise they court disaster.** If the result in the present case seems harsh, that is because the costs to Colleen Coté are palpable while the benefits are largely invisible. But the benefits are not trivial; litigants and the public will benefit substantially in the long run from better compliance with the rules limiting personal jurisdiction.

*Id.* at 985 (emphasis added); *see also Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603, 608 (7th Cir. 2003) (holding that dismissal of a case filed in the improper forum by sophisticated parties with representation was proper despite the resulting statute of limitations bar to plaintiff's claims).[4]

---

[4] Plaintiffs attempt to distinguish *Coté* by arguing that in that decision "there is no discussion as to whether the decision would impart suffering upon the plaintiff." [Dkt. No. 38 at 4.] Plaintiffs describe the damages Ms. Portee has suffered as a result of the alleged medical malpractice (impaired use of her hand, inability to work and operate a motor vehicle.). [*Id.*] We do not consider the merits of the case on a motion to transfer. *Toy Biz, Inc. v. Centuri Corp.*, 990 F. Supp. 328, 330 n.1 (S.D.N.Y. 1998). As such, we will not weigh the alleged damages to Ms. Portee against other plaintiffs. Even so, and contrary to Plaintiff's argument, Ms. Coté, whose claims were barred by the statute of limitations, would likely argue that she "suffered" as a result

Here, we found that Plaintiffs' arguments in support of personal jurisdiction of Defendants were "easily distinguishable" from the cases that Plaintiffs cited. [Dkt. No. 33 at 4.] Specifically, no evidence was supplied that the Defendant physicians had been licensed to practice medicine in Indiana or that they provided medical care or treatment in Indiana. This was also true for the Cleveland Clinic's contacts with Indiana. [*Id.*] We found that the mere circumstance of Dr. Evans having instructed Ms. Portee to receive physical therapy in Indiana was not sufficient to establish having personal jurisdiction. [*Id.* at 5.] We also found that Plaintiffs could not establish general jurisdiction over the Defendants based on the Cleveland Clinic's solicitation of and accommodations for out-of-state patients or its partnerships with St. Vincent Indianapolis Hospital and University of Notre Dame for treatments unrelated to Ms. Portee's ailment. [*Id.*]

Defendant argues that it is an elementary error (and frivolous) for Plaintiffs to argue that Dr. Evans's order regarding physical therapy was enough to confer personal jurisdiction over Defendants in Indiana. [Dkt. No. 36 at 6.] Even if at the time of filing the suit Plaintiffs did not know that personal jurisdiction was at issue, after Defendants filed their Motion to Dismiss and prior to the Court's ruling, Plaintiffs were on notice of a potential jurisdictional deficiency. Plaintiffs had seven months prior to the expiration of the statute of limitations to take action in an abundance of caution to protect the viability of their claims. As explained in *Coté*, "[e]lementary prudence would have indicated to her

---

of the dismissal order. Indeed, the court even acknowledged the "harshness" of the result. *Coté*, 796 F.2d at 985.

lawyer that he must file a protective suit" in Ohio. It is Defendants' position that this is the type of mistake that warrants dismissal instead of transfer, despite its heavy penalty for Plaintiffs.

Plaintiffs counter that their belief that personal jurisdiction existed over the Defendants in Indiana was based on good faith and does not constitute an "elementary" mistake. Plaintiffs point to *Felland v. Clifton* and contend that the Seventh Circuit in *Felland* found numerous communications from the defendant to the plaintiff were sufficient to satisfy a *belief* that personal jurisdiction existed over defendants. 682 F.3d 665 (7th Cir. 2012). However, Plaintiffs overstate the holding in *Felland*. In fact, *Felland* illustrates the tenuous nature of Plaintiffs' belief that personal jurisdiction could be maintained over Defendants in Indiana. The Court in *Felland* found that:

> [Defendant] relies on a line of cases holding that in some circumstances letters, telephone calls, or other communications sent from out of state are insufficient to satisfy the "local act or omission" provision of [Wisconsin's long-arm statute]. *Coté v. Wadel,* 796 F.2d 981 (7th Cir. 1986), is a representative example. *Coté* held that a handful of letters and phone calls between a Michigan attorney and a Wisconsin resident did not create personal jurisdiction for a malpractice suit against the attorney in Wisconsin. *Id.* at 984. But [Defendant] does not claim, and we do not hold, that letters, phone calls, and emails *always* constitute "acts or omissions" under the Wisconsin long-arm statute, any more than such communications *always* establish minimum contacts for due-process purposes. The more precise question is whether the particular Wisconsin-directed communications at issue here were part of the wrongful conduct that forms the basis of the claim.
>
> In *Coté,* for example, the handful of interstate communications between the parties were at best only tenuously connected to the conduct underlying the malpractice suit. The "act or omission" at the heart of the claim was the lawyer's failure to prosecute a case and failure to cooperate with another attorney, both of which took place entirely in Michigan. *Id.* Here, in contrast, **[Plaintiff's] communications to [Defendant] at his Wisconsin home are themselves a key component of [Defendant's] claim for**

> **intentional misrepresentation**. These communications satisfy [Wisconsin's long-arm statute].

*Id.* at 679 (emphasis added). Here, the heart of Plaintiffs' claim is that Dr. Evans, Dr. Everding, or an unknown resident severed Ms. Portee's nerve during a total elbow arthroplasty at the Cleveland Clinic. [Dkt. No. 38 at 2.] The physical therapy prescription for Ms. Portee to obtain in Indiana, the relationship between the Cleveland Clinic and hospitals in Indiana, and the communications between Plaintiffs and Defendants are not "key components" of Plaintiffs' claim for medical malpractice. Based on *Felland*, Plaintiffs should have been aware that their personal jurisdiction theory was on shaky ground.

The Seventh Circuit condones dismissal even when the result "seems harsh" like in *Coté*, and as Plaintiffs suggest the result would be here. Here, however, the result here may not be so harsh. Although Plaintiffs concede that the statute of limitations for their medical malpractice claim has expired, Plaintiffs do not mention Ohio's savings clause in Ohio Rev. Code § 2305.19. That statute provides in relevant part:

> (A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or **if the plaintiff fails otherwise than upon the merits, the plaintiff** or, if the plaintiff dies and the cause of action survives, the plaintiff's representative **may commence a new action within one year after the date of** the reversal of the judgment or **the plaintiff's failure otherwise than upon the merits** or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

(emphasis added); *see also Wasyk v. Trent*, 191 N.E.2d 58, 62 (Ohio 1963) ("[W]here a plaintiff institutes a civil action in a federal court and defendant appears generally by counsel and filed a motion to dismiss on the ground that there is no diversity of citizenship,

and that court, after a hearing, dismisses the action on that ground, the action is commenced, and its dismissal is a failure of the action otherwise than upon the merits and such plaintiff can bring a new action in a court of this state under the provisions of Section 2305.19, Revised Code."); *Osborne v. AK Steel/Armco Steel Co.*, 775 N.E.2d 483 (Ohio 2002) (applying Ohio savings statute to a claim dismissed without prejudice in federal court and refiled within the one year time provision in state court). Although we cannot say that the Ohio survival statute will necessarily allow Plaintiffs' claims to be refiled, it may provide an opportunity here for Plaintiffs that was seemingly not available in *Coté*.

**Conclusion**

For the foregoing reasons, we DENY Plaintiffs' Motion to Vacate Dismissal and Reopen Case for Purposes of Transfer. [Dkt. No. 35.] Plaintiffs' mistake in not solidifying personal jurisdiction over Defendants prior to filing their suit was an elementary one and Plaintiffs were on notice of the possible personal jurisdiction deficiencies well before the expiration of the statute of limitations for their claims. As a result, 28 U.S.C. § 1404(a) and § 1406(a), as well as the Seventh Circuit caselaw, support a dismissal of their claims.

Date: __2/6/2015__

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution: All ECF counsel of record.

12